UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Kevin Watson
Tonya Watson                                                       Case No. 10-36896
7711 Stockwell Drive                                               Chapter 13
Fredericksburg, VA 22407                                           Trustee: Suzanne E. Wade
Last four digits of SSN: xxx-xx-3917
Last four digits of Joint SSN: xxx-xx-5782

## MOTION FOR MORTGAGE LOAN MODIFICATION
## BY CHAPTER 13 DEBTOR AFTER CONFIRMATION

COMES NOW the Debtors, Kevin & Tonya Watson, by counsel and respectfully makes Motion for Authority to enter into a mortgage loan modification after confirmation pursuant to 11 U.S.C. §§ 364(a) and 1304(b), Federal Rules of Bankruptcy Procedure 4001(c) and 9014, and Local Rule 6004-4. In support of his motion the Debtor states as follows:

1. Kevin & Tonya Watson (the "Debtors") commenced this case on October 4, 2010 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

1. The Debtors Chapter 13 plan has been confirmed.

2. The Debtors own the real estate situated in Spotsylvania, Virginia known as 7711 Stockwell Drive, Fredericksburg, VA 22407 (the "Real Property") by way of Deed. The legal description of the Real Property is as follows:

> ALL THAT CERTAIN LOT, PARCEL OR TRACT OF LAND WITH ALL RIGHTS AND PRIVILEGES THERETO APPURTENANT, AND ALL BUILDINGS AND IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN SPOTSYLVANIA COUNTY, VIRGINIA, KNOWN AND DESIGNATED AS LOT 49, SECTION 2, HIGHLAND PARK SUBDIVISION, AS THE SAME APPEARS DULY DEDICATED, PLATTED AND RECORDED IN DEED BOOK 887, PAGE 238, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY, VIRGINIA. BEING THE SAME REAL PROPERTY CONVEYED UNTO THE GRANTOR HEREIN BY DEED DATED APRIL 20, 2000, FROM MARY K. JONES AND SUSAN JONES, AND DULY RECORDED IN DEED BOOK 1804, PAGE 582, IN THE AFORESAID CLERK'S OFFICE. REFERENCE IS HEREBY MADE TO THE FOREGOING INSTRUMENTS FOR A MORE PARTICULAR DESCRIPTION OF THE REAL PROPERTY HEREBY CONVEYED. THIS CONVEYANCE IS SUBJECT TO DEDICATIONS, EASEMENTS, RESTRICTIONS, CONDITIONS AND RESERVATIONS APPEARING IN THE CHAIN OF TITLE, WHICH MAY LEGALLY AFFECT THIS PROPERTY.
>
> TAX ID #: 21A-8-49
>
> BY FEE SIMPLE DEED FROM BRENDA K. BOMBARDIER AS SET FORTH IN DEED INSTRUMENT NO. 200500024834 AND RECORDED ON 6/24/2005, SPOTSYLVANIA COUNTY RECORDS.

3. The Debtors have been approved for a loan modification with Bank of America Home Loans.

4. Upon information and belief, the Real Property is encumbered by a lien in favor of Bank of America Home Loans, and the present unpaid principal balance according to the offered modification agreement is approximately $243,394.84

5. The loan modification will include the terms below or more favorable to the Debtor:

|  | Effective Date | Principal Balance | Interest Rate | Monthly P&I Payment | Maturity Date of Loan |
|---|---|---|---|---|---|
| Before Modification | 12/10/2007 | $243,394.84 | 6.5% | $1,716.06 | 1/1/2038 |
| After Modification | 6/1/2015 | $192.121.00 | 6.5% | $1,351.63 | 1/1/2038 |

**The loan modification does not include any future balloon or payment changes. The loan modification results in a lower monthly principal and interest payment. The debtors do not intend to increase the plan payment. An amended modified plan was filed on June 20, 2015. The amended/modified plan reflects an amended budget and expenses.**

6. Debtor further requests that the Court waive application of Federal Rule of Bankruptcy Procedure 6004(h) in the instant matter in order to facilitate the efficient closing on the loan modification of the Real Property.

WHEREFORE, the Debtors prays that this Court enter an Order:

1. That approves the loan modification of the Real Property with Bank of America Home Loans;

2. That waives the application of Federal Rule of Bankruptcy Procedure 6004(h) in the instant matter;

3. That releases the Trustee from paying any further arrears claim to Bank of America Home Loans; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted:
Kevin & Tonya Watson

By: /s/ Pia J. North
    Pia J. North, Esq., #29672
    Attorney for Debtors
    North Law
    5913 Harbour Park Drive
    Midlothian, VA  23112
    Phone:  (804) 739-3700
    Fax:  (804) 739-2550

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  Kevin Watson
Tonya Watson                                             Case No.  10-36896
7711 Stockwell Drive                                     Chapter 13
Fredericksburg, VA 22407                                 Trustee: Suzanne E. Wade
Last four digits of SSN: xxx-xx-3917
Last four digits of Joint SSN:  xxx-xx-5782

## NOTICE OF MOTION

Pia J. North, attorney for **Kevin & Tonya Watson** has filed a Motion for Mortgage Loan Modification after Confirmation pursuant with the Court.  The loan modification will include the terms below or more favorable to the Debtor:

|  | **Effective Date** | **Principal Balance** | **Interest Rate** | **Monthly P&I Payment** | **Maturity Date of Loan** |
| --- | --- | --- | --- | --- | --- |
| Before Modification | 12/10/2007 | $243,394.84 | 6.5% | $1,716.06 | 1/1/2038 |
| After Modification | 6/1/2015 | $192.121.00 | 6.5% | $1,351.63 | 1/1/2038 |

**The loan modification does not include any future balloon or payment changes. The loan modification results in a lower monthly principal and interest payment.  The debtors do not intend to increase the plan payment. An amended modified plan was filed on June 20, 2015. The amended/modified plan reflects an amended budget and expenses.**

<u>**Your rights may be affected**</u>.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before 21 days from June 20, 2015, you or your attorney must:

**x**   File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

Clerk of Court
United States Bankruptcy Court
701 E. Broad Street, Suite 4000
Richmond, VA  23219-3515

You must also mail a copy to:
Pia J. North, Esquire            Office of the U.S. Trustee
5913 Harbour Park Drive          701 East Broad Street, Suite 4304
Midlothian, VA  23112            Richmond, VA  23219-3515

Suzanne E. Wade
P.O. Box 1780
Richmond, VA  23218-1780

- ☐ Attend a hearing to be scheduled at a later date.  You will receive separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

- ■ Attend the hearing on the motion (or objection) scheduled to be held on <u>July 22, 2015</u> at <u>12:00 p</u>m. at United States Bankruptcy Court, 701 E. Broad Street, Suite 5000, Richmond, VA  23219-3515.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  June 20, 2015                         <u>/s/Pia J. North</u>
                                             Pia J. North
                                             5913 Harbour Park Drive
                                             Midlothian, VA  23112
                                             (804) 739-3700

Certificate of Service

I hereby certify that I have on June 20, 2015, transmitted a true copy of the foregoing Notice and Motion for Mortgage Loan Modification after Confirmation electronically through the Court's CM/ECF system or by first class mail, postage pre-paid to:  the Debtors; The Chapter 13 trustee; the United States trustee;  all parties having a lien against the property; and any creditor who has requested to receive all notices in the case if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1(d)(3), and to all creditors and parties in interest on the mailing matrix maintained by the clerk of court, a copy of which is attached.

                                             <u>/s/Pia J. North</u>
                                             Pia J. North for Kevin & Tonya Watson

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Kevin Watson  
Tonya Watson  Case No. 10-36896  
7711 Stockwell Drive  Chapter 13  
Fredericksburg, VA 22407  Trustee: Suzanne E. Wade  
Last four digits of SSN: xxx-xx-3917  
Last four digits of Joint SSN: xxx-xx-5782

**Summary of the Proposed Loan Modification**

|  | **Effective Date** | **Principal Balance** | **Interest Rate** | **Monthly P&I Payment** | **Maturity Date of Loan** |
|---|---|---|---|---|---|
| Before Modification | 12/10/2007 | $243,394.84 | 6.5% | $1,716.06 | 1/1/2038 |
| After Modification | 6/1/2015 | $192.121.00 | 6.5% | $1,351.63 | 1/1/2038 |

☐   1. The modified loan includes future payment changes or balloon payments. The terms of any such future payment changes or balloon payments are:

☐   2. The modification results in a higher monthly payment.

■   3. The modification results in a lower monthly payment. Choose one of the following:

　　☐   a. The amount of future plan payments will be increased

　　■   b. The amount of future plan payments will not be increased. An amended/modified plan was filed on or about June 20, 2015 which reflects an accurate budget and expenses.

**Modification Agreement**
(Servicer Copy)

**Bank of America** Home Loans

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan #: ███████████


174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

This document was prepared by
Home Retention Services, Inc.
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.877.422.1761

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between KEVIN M WATSON AND TONYA M WATSON, (the "Borrower(s)") and Bank of America, N.A. the servicer and/or lender for your loan ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 10 day of December, 2007 and in the amount of $271,500.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 7711 Stockwell Drive, Fredericksburg, VA 22407.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   A. The property is currently owner occupied or is a rental property which is: (x) currently rented as a principal residence, (y) vacant and available for rent, or (z) occupied by the borrowers direct relative (parent, grandparent or legal dependent) as a principal residence without rent. There has been no impermissible change in the ownership of the

(Page 2 of 10 pages)


174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

        Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

- B. I have provided documentation for all income that I receive that I am required to disclose, and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

- C. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

- D. I have made all payments required under a trial period plan or loan workout plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

- A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

- B. I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, (3) and for borrowers in active bankruptcy, the bankruptcy court approves it, and (4) the Modification Effective Date (as defined in Section 3 below) has occurred.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on June 01, 2015 (the "Modification Effective Date").

- A. The Maturity Date will be: January 01, 2038.

- B. As part of this Modification, I agree that all amounts and arrearages that are or will be past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $263,394.84 (the "Combined Principal Balance"). Any fees or charges incurred in connection with the servicing of your loan which were not invoiced before we calculated the Unpaid Amounts will appear on your monthly statement under "Fees and Charges." These amounts may be paid when billed or at any time afterward. They will not accrue interest or late fees. If they remain unpaid, they must be

*(Page 3 of 10 pages)*



174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

<ol type="A" start="3">
<li>satisfied at the earlier of: (i) the date you sell or transfer an interest in the Property, (ii) the date you pay the entire New Principal Balance, or (iii) the Maturity Date. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.</li>
<li>$71,273.84 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the unpaid principal balance. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.</li>
<li>As of the Modification Effective Date the principal balance of the loan that remains due and payable is $192,121.00 (the "New Principal Balance").</li>
<li>Interest at the rate of 6.500% will begin to accrue on the New Principal Balance as of May 01, 2015 and the first new monthly payment on the New Principal Balance will be due on June 01, 2015. My payment schedule for the modified loan is as follows:</li>
</ol>



174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

| Months | Interest Rate | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 272 | 6.500% | Principal and Interest | $1,351.63 | $300.27 May adjust periodically | $1,651.90 May adjust periodically | 06/01/2015 |

    *   *The total monthly payment amount shown does not include any cost for any optional products that may be on the loan.*

    *   If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.E. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

    F.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4.   **Additional Agreements.** Lender and I agree to the following:

    A.   All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

    B.   This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

    C.   I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

    D.   The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

*(Page 5 of 10 pages)*



174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

F. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However,



|     | |
| --- | --- |
|     | Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand, to the extent such action is not prohibited by applicable state and federal law. |
| H.  | On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property. |
| I.  | On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void. |
| J.  | I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender. |
| K.  | I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement. |
| L.  | Any optional product(s) I may have purchased after the original closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the |

*(Page 7 of 10 pages)*



174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should contact Bank of America, N.A.

M. If the principal balance of my loan increased as a result of this modification, the mortgage insurance premiums, if any, on my loan may increase. If my mortgage insurance premium increases, my monthly mortgage payment will be higher. Furthermore, the date on which I may request cancelation of mortgage insurance may change as a result of the higher unpaid principal balance.

N. I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

(Page 8 of 10 pages)


174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required, no photocopies accepted)

_____   06/01/2015
Borrower  Kevin M Watson            Date

_____   6/1/15
Borrower  Tonya M Watson            Date



**DO NOT WRITE BELOW THIS LINE**

THIS SECTION IS FOR INTERNAL USE ONLY

**Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP**

By: Stewart Lender Services, Inc., its attorney in fact

By: _____       _____
                                           Date

_____, Stewart Lender Services, Inc.


174473096+STNMSPMD_04222015_0255

PKG_2/C3_3477-7

```
Label Matrix for local noticing            BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE    Bank of America N.A.
0422-3                                     SHAPIRO & BURSON                                Bank of America Retail Payment Services
Case 10-36896-KRH                          236 CLEARFIELD AVE, SUITE #215                  P.O. Box 660933
Eastern District of Virginia               VIRGINIA BEACH, VA 23462-1893                   Dallas, TX 75266-0933
Richmond
Sat Jun 20 13:26:28 EDT 2015

Capital One, N.A.                          HSBC Bank Nevada, N.A.                          Oak Harbor Capital  II, L.L.C.
Bass & Associates, P.C.                    Bass & Associates, P.C.                         c/o Weinstein & Riley, P.S.
3936 E. Ft. Lowell Road, Suite #200        3936 E. Ft. Lowell Rd., Suite #200              2001 Western Ave., Ste. 400
Tucson, AZ 85712-1083                      Tucson, AZ 85712-1083                           Seattle, WA 98121-3132


PRA Receivables Management, LLC            Vanda, LLC                                      eCAST Settlement Corporation
PO Box 41067                               c/o Weinstein & Riley, P.S.                     c/o Bass & Associates, P.C.
Norfolk, VA 23541-1067                     2001 Western Ave., Ste. 400                     3936 E Ft. Lowell, Suite 200
                                           Seattle, WA 98121-3132                          TUCSON, AZ 85712-1083



United States Bankruptcy Court             Aes/Suntrust Bank                               American Express Bank FSB
701 East Broad Street                      Po Box 2461                                     c/o Becket and Lee LLP
Richmond, VA 23219-1888                    Harrisburg, PA 17105-2461                       POB 3001
                                                                                           Malvern  PA 19355-0701


American Infosource Lp As Agent for Wfnnb  Amex                                            Applied Business Services
As Assignee of                             P.O. Box 981537                                 617 Soundside Road
New York & Co                              El Paso, TX 79998-1537                          Edenton, NC 27932-8922
PO Box 248872
Oklahoma City, OK  73124-8872

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE  Bac Home Loans Servici                       Bank of America Retail Payment Services
BANKRUPTCY DEPT                            450 American St                                 P. O. Box 660933
MAIL STOP CA6-919-01-23                    Simi Valley, CA 93065-6285                      Dallas, TX  75266-0933
400 NATIONAL WAY
SIMI VALLEY, CA 93065-6414

Best Buy Co., Inc. Reg Agent               CANDICA L.L.C.                                  (p)CAPITAL ONE
CT Corporation System                      C O WEINSTEIN AND RILEY, PS                     PO BOX 30285
4701 Cox Road; Suite 301                   2001 WESTERN AVENUE, STE 400                    SALT LAKE CITY UT 84130-0285
Glen Allen, VA 23060-6802                  SEATTLE, WA 98121-3132


Capital One, N.A.                          Central Va Orthopaedics                         Chase Bank USA,N.A
Bass & Associates, P.C.                    501 Park Hill Drive                             c/o Creditors Bankruptcy Service
3936 E. Ft. Lowell, Rd., Suite 200         Fredericksburg, VA 22401-3377                   P O Box 740933
Tucson, AZ 85712-1083                                                                      Dallas,Tx 75374-0933


Commonwealth of VA-Tax                     Department Stores National Bank/Macy's         E.N.T. & F.P.S.C. & Hearing
P.O. Box 2156                              Bankruptcy Processing                           1708 Fall Hill Avenue
Richmond, VA 23218-2156                    PO Box 8053                                     Fredericksburg, VA 22401-3511
                                           Mason, OH 45040-8053



Fredericksburg Anesthesia                  Fredericksburg Cr Bur                           Fredericksburg Orthopedic Asso
P. O. Box 933112                           10506 Wakeman Dr                                3310 Fall Hill Ave.
Atlanta, GA 31193-3112                     Fredericksburg, VA 22407-8040                   Fredericksburg, VA 22401-3000
```

| | | |
|---|---|---|
| Freds'bg Credit Bureau<br>12000 Kennedy Lane<br>Suite 102<br>Fredericksburg, VA 22407-6016 | Gemb/Old Navy<br>Po Box 981400<br>El Paso, TX 79998-1400 | Gemb/Walmart<br>Po Box 981400<br>El Paso, TX 79998-1400 |
| HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite 200<br>Tucson, AZ 85712-1083 | Highland Park HOA, Inc.<br>PO Box 7268<br>Fredericksburg, VA 22404-7268 | Hsbc/Bstby<br>1405 Foulk Road<br>Wilmington, DE 19803-2769 |
| I C System Inc<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | I.C. System<br>444 Highway 96 East Box 64887<br>Saint Paul, MN 55127-2557 | I.C. System, Inc.<br>444 Highway 96 East<br>Post Office Box 64437<br>Saint Paul, MN 55164-0437 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Jolas & Associates<br>202 1st Street NW<br>Mason City, IA 50401-3104 | Kohls/Chase<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 |
| Landmarc<br>618 Kenmore Avenue<br>Fredericksburg, VA 22401-5777 | MCV HOSPITAL<br>P O BOX 980462<br>RICHMOND, VA 23298-0462 | Macysdsnb<br>911 Duke Blvd<br>Mason, OH 45040 |
| Mary Washington Hospital<br>2300 Fall Hill #313<br>Fredericksburg, VA 22401-3343 | MediCorp Health System<br>O.D.C. Recovery Services<br>1200 Kennedy Ln Suite 100<br>Fredericksburg, VA 22407 | MediCorp Health System<br>O.D.C. Recovery Services<br>12000 Kennedy Ln Suite 100<br>Fredericksburg, VA 22407-6016 |
| Medical Img of Fredericksburg<br>Post Office Box 7606<br>Fredericksburg, VA 22404-7606 | NCO Financial<br>P.O. Box 4906<br>DEPT 64<br>Trenton, NJ 08650-4906 | National Capital Management, LLC.<br>8245 Tournament Drive<br>Suite 230<br>Memphis, TN 38125-1741<br>USA |
| NextCare Urgent Care<br>P. O. Box 40807<br>Fayetteville, NC 28309-0807 | North & Associates, P.C.<br>8014 Midlothian Turnpike<br>Suite 202<br>Richmond, VA 23235-5291 | PL Pediatrics<br>P. O. Box  845<br>Fredericksburg, VA 22404-0845 |
| PRA Receivables Management, LLC<br>As Agent Of Portfolio Recovery Assocs.<br>POB 41067<br>Norfolk VA 23541-1067 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Radiologic Assoc of Fredbrg<br>P.O. Box 8374<br>Fredericksburg, VA 22404-8374 |
| Rappahannock Child Develop<br>10708 Ballantraye Drive<br>Suite 204<br>Fredericksburg, VA 22407-4701 | Sca<br>P O Box 910<br>Edenton, NC 27932-0910 | Spotsylvania Country Treasurer<br>Larry K. Pritchett, Treasurer<br>Post Office Box C-9000<br>Spotsylvania, VA 22553 |

| | | |
|---|---|---|
| SunTrust Bank<br>Attn: Support Services<br>PO Box 85092<br>Richmond, VA 23285-5092 | Suntrust Bank<br>Po Box 85052<br>Richmond, VA 23285-5052 | TARGET NATIONAL BANK<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| Target Nb<br>C/O Target Credit Services<br>Minneapolis, MN 55440-0673 | The Home Depot/Cbsd<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 | U.S. Bank Trust, N.A.<br>c/o Caliber Home Loans, Inc.<br>13801 Wireless Way<br>Oklahoma City, OK 73134-2500 |
| UNITED GUARANTY<br>PO BOX 601860<br>CHARLOTTE NC 28260-1860 | United Consumers, Inc.<br>PO BOX 4466<br>Woodbridge, VA 22194-4466 | Urology Associates of Freder<br>1051 Care Way<br>Fredericksburg, VA 22401-8425 |
| VCU Health Systems<br>Post Office Box 980462<br>Richmond, VA 23298-0462 | Wfnnb/New York & Compa<br>220 W Schrock Rd<br>Westerville, OH 43081-2873 | Kevin Watson<br>7711 Stockwell Drive<br>Fredericksburg, VA 22407-0712 |
| Pia J. North<br>North Law<br>5913 Harbour Park Drive<br>Midlothian, VA 23112-2163 | Suzanne E. Wade<br>P.O. Box 1780<br>Richmond, VA 23218-1780 | Tonya Watson<br>7711 Stockwell Drive<br>Fredericksburg, VA 22407-0712 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Cap One<br>Po Box 85520<br>Richmond, VA 23285 | Internal Revenue Service<br>Insolvency Unit<br>Post Office Box 21126<br>Philadelphia, PA 19114 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bank of America, N.A. | (u)U.S. Bank Trust, N.A. | (d)Oak Harbor Capital II, LLC<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave., Ste. 400<br>Seattle, WA 98121-3132 |
| (u)Unknown<br>Fact Act<br>Suppression | (d)Vanda, LLC<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave., Ste. 400<br>Seattle, WA 98121-3132 | (d)eCAST Settlement Corporation<br>c/o Bass & Associates, P.C.<br>3936 E Ft. Lowell, Suite 200<br>Tucson, AZ 85712-1083 |

End of Label Matrix
Mailable recipients    74
Bypassed recipients     6
Total                  80